UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEPLAY MUSIC, LLC, | Civil Action No.: |
| Plaintiff, | |
| -against- | **COMPLAINT AND** <br> **JURY DEMAND** |
| STETSON UNIVERSITY, | |
| Defendant. | |

Plaintiff Freeplay Music, LLC ("FPM"), through its undersigned attorneys Abrams Fensterman, LLP, complains of Defendant, Stetson University ( "Defendant") as follows:

## NATURE OF THE ACTION

1.      By this complaint, FPM, a music publisher that has invested and risked money, time, and energy to develop its catalogue of copyrights, seeks redress for Defendant's direct, intentional copyright infringement of FPM's copyrighted works. Defendant exploited, without authorization, three (3) of FPM's copyrighted songs in ten (10) different videos by unauthorized reproduction, synchronizing, distribution and public performance by means of digital transmission of copyrighted musical compositions and sound recordings (the "Songs"). Defendant has benefited from these unauthorized uses of FPM's copyrighted sound recordings and copyrighted compositions. Despite being on notice of its infringement, the Defendant has refused to remedy its wrongdoing, leaving FPM no alternative but to bring this action.

## PARTIES

2.      FPM is a Delaware limited liability company, with a principal place of business in New York, New York.

3.    Upon information and belief, Stetson University is private, non-profit university located in DeLand, Florida.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this case arises under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq.

5.    This Court has personal jurisdiction over Defendant pursuant to both general and specific jurisdiction principles under New York's long-arm statute, N.Y. C.P.L.R. § 302, and the Due Process Clause of the United States Constitution.

6.    This Court has General Jurisdiction over Defendant. Defendant maintains continuous and systematic contacts with the State of New York and this District such that it is essentially "at home" in New York for purposes of general jurisdiction. Defendant conducts substantial business within the State of New York, including but not limited to soliciting and enrolling students from New York; offering and providing distance learning and online degree programs to New York residents; maintaining partnerships or articulation agreements with New York-based institutions; employing New York-based faculty, recruiters, or contractors; and deriving substantial revenue from tuition paid by New York residents. Defendant also markets its programs and services specifically to residents of New York through targeted advertising and recruitment activities within this District.

7.    Alternatively, and independently, this Court has specific jurisdiction over Defendant because the acts giving rise to the claims asserted herein were purposefully directed at residents of New York, and the harm resulting from Defendant's conduct was suffered in this District. Specifically, Defendant, without authorization, accessed, reproduced, distributed,

2

displayed, and/or otherwise infringed Plaintiff's copyrighted materials via digital platforms, communications, or technologies that targeted or involved users, students, faculty, or collaborators located in New York. The infringing conduct included the unauthorized dissemination or performance of copyrighted content to users known by Defendant to be located in this District, or, alternatively, Defendant should have reasonably foreseen that such infringement would have effects in this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(a), as the Defendant may be found in this District for purposes of the Copyright Act, and pursuant to 28 U.S.C. § 1391(b) and (c), as a substantial part of the events giving rise to the claims occurred in this District and Defendant is subject to the Court's personal jurisdiction here.

9.      This Court has supplemental jurisdiction over any New York common law claims asserted herein under 28 USC §§ 1331, 1332 and 1338.

10.     Venue in this District is proper under 28 U.S.C. §§ 1391(b), (d), and 1400(a).

## FPM AND ITS BUSINESS

11.     In 2001, Scott Schreer, one of America's most prolific and performed TV composers and producers, launched FPM, a high-quality online music library. Schreer, whose credits include, among many others, the NFL on Fox theme, is also a contributing composer to FPM's catalogue.

12.     FPM makes its catalogue available on its website for users to synchronize with audiovisual works. To download and use music, a user must obtain a license from FPM that corresponds to the intended type of use by the user (i.e., personal, commercial, etc.). The cost of such license varies depending on the type of use.

13.    With over 300,000,000 impressions to its website as of 2013, FPM is one of the most widely trafficked production music libraries in the industry. Since August 2013, FPM has issued over 3.5 million licenses to the copyrighted music in its library.

14.    All use of FPM's music requires a license.

**DEFENDANT STETSON UNIVERSITY**

15.    Upon information and belief, Defendant Stetson University is and was, at all relevant times herein, a private university with its main campus located in DeLand, Florida.

16.    Upon information and belief, Defendant maintains a large alumni network in New York.

17.    Upon information and belief, Defendant offers online learning programs including to residents of New York.

18.    Upon information and belief, Defendant, Stetson University, operates the Stetson University online interactive Website and retail store across the United States.  Defendant's interactive Website provides consumers with access to an array of goods and services including information about Defendant's: athletics sports teams, schedule of team games, roster of team participants, game statistics, team news, purchasing admission tickets for team sporting events, viewing videos of team sporting events, website terms and conditions, and the sale of online retail goods like college and team merchandise such as T-shirts, sweatshirts, hats and other apparel as well as other type of goods, and pricing, return, privacy and shipping terms. Defendant's interactive website advertises, markets and/or operates in the State of New York and across the United States.

19.    Upon information and belief, Stetson publishes promotional videos advertising its business on various online platforms, including www.YouTube.com.

20.     Upon information and belief, these promotional advertising videos include various songs being played throughout the duration of the videos.

## THE FPM COPYRIGHTS AT ISSUE AND
## DEFENDANT'S UNAUTHORIZED EXPLOITATION

21.     FPM is the exclusive owner of the registered copyrights (the "FPM Copyrights") in and to the musical compositions and sound recordings (the "FPM's Copyrighted Music") set forth below:

    a.    "Back Down"    SR# 374-911

    b.    "Canned Heat"    SR# 336-939

    c.    "New Day"    SR# 396-282

22.     FPM and its predecessor in interest has always owned, maintained, and controlled the exclusive true and valid copyrights in the Copyrighted Music.

23.     FPM has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. et seq., has registered the Copyrighted Music with the United States Copyright Office, and was issued a Certificate of Registration for each work of Copyrighted Music. True and complete copies of the Certificate of Registration for each work of Copyrighted Music are collectively annexed hereto as **Exhibit A.**

24.     All of the Copyrighted Music was published with a copyright notice.

25.     Defendant has engaged in at least ten (10) unauthorized uses of FPM's Copyrighted music.

    a.    Upon information and belief, FPM's copyrighted musical work "Break Down" was exploited on the www.YouTube.com website at least two (2) times.

    b.    Upon information and belief, FPM's copyrighted musical work "Canned Heat" was exploited on the www.YouTube.com website at least one (1) time.

c.     Upon information and belief, FPM's copyrighted musical work "New Day" was exploited on the www.YouTube.com, www.Facebook.com and X f/k/a Twitter websites at least seven (7) times.

26.     Upon information and belief, Defendant created, posted, or caused to be posted, the videos identified in the preceding paragraph on the websites identified in the preceding paragraph.

27.     Defendant did not enter into a license agreement to exploit any of FPM's Copyrighted Music.

28.     Upon information and belief, Defendant reproduced, synchronized, distributed, and publicly performed by means of digital transmission of FPM's Copyrighted Music, through among other things, digital transmissions on the websites referenced above.

29.     Upon information and belief, at all relevant times, Defendant maintained editorial control for the content that Defendant reproduced, synchronized, distributed, and publicly performed by means of digital transmission on the websites set forth above.

## COUNT 1

### DIRECT COPYRIGHT INFRINGEMENT
**(Against Defendant Stetson University)**

30.     FPM incorporates the allegations set forth in paragraphs 1 through 29 hereof, inclusive, as though the same were set forth herein.

31.     This cause of action arises under 17 U.S.C. § 501.

32.     Each of the FPM Copyrights were registered with the United States Copyright Office either by FPM or its predecessor-in-interest. *See* **Exhibit A.**

33.     At all times relevant, FPM has owned FPM's Copyrighted Music and has been the only owner of the exclusive rights provided under 17 U.S.C. § 106.

34.     Each of the musical works covered by the FPM Copyrights is an original work of authorship and constitutes copyrightable subject matter within the meaning of 17 U.S.C. § 102.

35.     Defendant used FPM's Copyrighted Music in promotional videos without license or authorization to advertise, market, and/or promote their products and/or services.

36.     Defendant infringed the FPM Infringed Works by selling, distributing, reproducing, synchronizing, publicly performing, making derivative works of, and otherwise exploiting FPM's Copyrighted Music without permission or authorization from FPM.

37.     For example, Defendant infringed the copyrighted song "New Day" by (copyright registration number SR# 396-282) by copying, synchronizing and publicly performing the song on the www.youtube.com, Facebook and X f/k/a Twitter websites. The Defendant also synchronized the song to an audiovisual work, thereby making an unauthorized derivative work in the form of a new music video. The Defendant then distributed the new music video incorporating an unauthorized copy of the song, by uploading it to its YouTube channel page. The Defendant then publicly performed the video by making it available for viewing on YouTube where it was viewed by members of the public.

38.     Defendant infringed all of FPM's Copyrighted Music in the exact same manner described in the preceding paragraph.

39.     FPM has never granted Defendant the right, or otherwise authorized Defendant, to exploit FPM's Copyrighted Music.

40.     By reproducing, synchronizing, distributing, and publicly performing by means of digital transmission videos containing FPM's Copyrighted Music, the Defendant's acts violate FPM's exclusive rights under 17 U.S.C. §106.

41.     Defendant had actual or constructive awareness that their unauthorized use of the Copyrighted Music constituted infringement of FPM's Copyrights. Alternatively, Defendant's act of infringement resulted from a reckless disregard for, or willful blindness to, FPM's rights.

42.     Defendant's infringement of the FPM Copyrighted Music is and has been willful, intentional, purposeful, and/or in disregard of FPM's rights.

43.     By reason of Defendant's continued willful infringement, FPM has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights in its Copyrighted Music.

44.     By reason of Defendant's willful infringement, FPM has sustained irreparable harm that cannot be remedied by monetary damages alone.

45.     FPM is entitled to an injunction restraining Defendant, their officers, directors, agents, employees, representatives, and all persons acting in concert with them, from further engaging in such acts of copyright infringement.

46.     Pursuant to 17 U.S.C.§ 504, FPM is further entitled to elect to recover from Defendant either its actual damages or up to $150,000.00 in statutory damages for each work infringed by Defendant.

47.     The total actual damages are not readably ascertainable but - based on the pervasive and willful nature of the infringement - are believed to be in excess of Four Hundred Fifty Thousand Dollars ($450,000).

48.     Pursuant to 17 U.S.C. § 505, FPM is further entitled to recover from Defendant the reasonable attorneys' fees and legal costs incurred as a result of Defendant's acts of copyright infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, FPM respectfully prays for judgment against Defendant as follows:

1.      Enter judgment that Defendant has infringed the copyrights in and to FPM's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*;

2.      Enter a permanent injunction ordering Defendant and each of their respective agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, or on behalf of, Defendant, or in concert or participation with Defendant, be preliminarily and permanently enjoined from reproducing, distributing, publicly performing by any means including but not limited to digital transmission, or preparing derivative works based on, or in any other way using FPM's Copyrighted Music;

3.      Order that FPM be awarded, at its election, all damages caused by the acts forming the basis of this Complaint, including without limitation an award of statutory damages pursuant to 17 U.S.C. § 504 and actual damages in an amount not readily ascertainable but believed to be in excess of Four Hundred Fifty Thousand Dollars ($450,000);

4.      Order that Defendant be required to pay to FPM the costs of this action and FPM's reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

5.      Order that Defendant be required to pay to FPM prejudgment interest at the statutory rate; and

6.      Grant all such other and further relief to FPM as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

FPM requests a trial by jury on all issues so triable.

Dated: Lake Success, NY
June 4, 2026

ABRAMS FENSTERMAN, LLP

By: _____

Seth L. Berman, Esq.
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300
sberman@abramslaw.com
Attorneys for Plaintiff

10